Richard D. SPELLBERG,
Plaintiff—Appellant,

v.

PHOENIX HOME LIFE MUTUAL IN-SURANCE COMPANY, an Ohio corporation; Home Life Insurance Company, a New York corporation; Union Central Life Insurance Company, an Ohio corporation; Phoenix Companies, Inc., a New York corporation, Defendants—Appellees.

No. 03–56931.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Sept. 28, 2005.

Albert S. Israel, Esq., Fields & Israel, Long Beach, CA, for Plaintiff–Appellant.

Linda M. Lawson, Esq., Meserve, Mumper & Hughes, Kent M. Bridwell, Esq., Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

MEMORANDUM *

Contrary to vigorous argument of counsel the policy language is clear and unambiguous. The policy defines "Maximum Benefit Period" so that there is no doubt:

FOR TOTAL DISABILITY STARTING:
1. BEFORE AGE 63      TO AGE 65
2. AT OR AFTER AGE 63   24 MONTHS

Dr. Spellberg would find ambiguity because the policy also provided for renewal: "We cannot cancel your policy or change your premium before age 65, from age 65 to 75 you have a qualified right to renew your policy. Riders are not renewable after age 75." We reject his argument. While under California law insurance coverage must be interpreted broadly in favor of the insured, "language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

found to be ambiguous in the abstract." *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 648, 3 Cal.Rptr.3d 228, 73 P.3d 1205 (2003). Policy language must also be construed to give effect to every term. *Palmer v. Truck Ins. Exch.*, 21 Cal.4th 1109, 1115, 90 Cal.Rptr.2d 647, 988 P.2d 568 (1999). The district court heard and considered Dr. Spellberg's views before holding that "the unambiguous policy language establishes that Plaintiff has exhausted his right to benefits for his current total disability from his occupation as an invasive cardiologist."

**AFFIRMED.**